UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0184-TWP-DML |
| | ) | |
| KYREE BRICE HARRIS, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petitions for Warrant or Summons for Offender Under Supervision ("Petitions") filed on September 29, and November 19, 2020, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 23, and December 30, 2020, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 23, 2020, defendant Kyree Brice Harris appeared in person with his appointed counsel, Dominic Martin. The government appeared by Jeff Preston, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Ryan Sharp, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

On December 30, 2020, defendant Kyree Brice Harris appeared in person with his appointed counsel, Dominic Martin. The government appeared by Abhishek Kambli, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Ryan Sharp, who participated in the proceedings.

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Harris of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Harris questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Harris and his counsel, who informed the court they had reviewed the Petition and that Mr. Harris understood the violations alleged. Mr. Harris waived further reading of the Petition.

3. The court advised Mr. Harris of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Harris was advised of the rights he would have at a preliminary hearing. Mr. Harris stated that he wished to waive his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4. The court advised Mr. Harris of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5.   Mr. Harris, by counsel, stipulated that he committed Violation Numbers 1, 2, 3, and 4 set forth in the Petition as follows:

| **Violation Number** | **Nature of Noncompliance** |
| --- | --- |
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."**<br><br>On September 24, 2020, Mr. Harris submitted a urine sample that tested positive for marijuana. |
| 2 | **"You must participate in a cognitive-behavioral treatment program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program."**<br><br>On September 8, 2020, Mr. Harris failed to appear for his first scheduled Moral Reconation Therapy (MRT) session. As MRT class is now full, he is awaiting a new start date. |
| 3 | **"If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment."**<br><br>Since Mr. Harris began his term of supervised release in February 2020, he has not made any payments on his restitution. His restitution balance is $921.62. |
| 4 | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."**<br><br>On October 23, 2020, at the Initial Hearing on this revocation, Mr. Harris reported to the Court that he was living with his girlfriend and provided the address to the probation office. On October 30, 2020, a home visit was attempted and no one was home. On November 3, 2020, Mr. Harris apologized and advised the address was incorrect and provided another address. On November 18, 2020, a home visit was attempted and the apartment was vacant. An employee of the apartment complex verified the tenants moved out a few weeks ago. Since November 4, 2020, Mr. Harris has not returned any calls or text messages, is no longer living at the address provided, and his whereabouts are unknown. |

  6. The Court placed Mr. Harris under oath and directly inquired of Mr. Harris whether he admitted violations 1, 2, 3, and 4 of his supervised release set forth above.  Mr. Harris admitted the violations as set forth above.

  8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Harris's criminal history category is II.

   (c) The range of imprisonment applicable upon revocation of Mr. Harris's supervised release, therefore, is 4 - 10 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

  9. The government argued for a sentence of ten (10) months with no supervised release to follow.  The defendant argued for a lesser sentence with supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, KYREE BRICE HARRIS, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED,** and he is sentenced to the custody of the Attorney General or his designee for a period of four (4) months with eighteen (18) months of supervised release to follow.  In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. Justification: This condition is an administrative requirement of supervision.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer. Justification: This condition is an administrative requirement of supervision.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right of consent, and shall permit

   confiscation of any contraband observed in plain view of the probation officer. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer. Justification: This condition is an administrative requirement of supervision.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.  Justification: This condition is an administrative requirement of supervision.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer. Justification: This condition is an administrative requirement of supervision.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment. Justification:  This condition will ensure the defendant maintains gainful employment and reduce the risk of recidivism.

11. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

12. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Justification: This condition will address the defendant's history of substance abuse.

13. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage. Justification: This condition will address the defendant's history of substance abuse.

14. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods. Justification: This condition will help ensure compliance with a drug-free lifestyle.

15. You shall pay the cost associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: substance abuse treatment and testing. Justification: This condition will encourage the offender to be invested in his recovery.

16. You shall provide the probation office access to any requested financial information and shall authorize the release of the information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution. Justification: This condition will encourage the offender to make payments on his outstanding restitution balance.

17. You shall not incur new credit charges, or open additional lines of credit without the approval of the probation officer. Justification: This condition will address the offender's obligation to make payments on his restitution.

18. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware of software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

19. You must participate in a cognitive-behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office.

Defendant Harris reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release. In addition to the above noted conditions, the court ordered the following condition on the record:

20. You shall reside in a residential reentry center for a term of 90 days. You shall abide by the rules and regulations of the facility.

The Defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Harris stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Harris entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Harris's supervised release, imposing a sentence of imprisonment of four (4) months with eighteen (18) months of supervised release to follow.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 1/5/2021

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system